# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELVIS CRESPO DIAZ | Case No.25-_____ |
| **Plaintiff** | |
| v. | Declaration of Ownership, Replevin, Collection of Monies and Unjust Enrichment |
| FLASH MUSIC, INC.; MARIBEL VEGA LAGUNA; FLASH MUSIC, INC., Companies A, B, & C; Insurance Companies X, Y & Z;& William Doe and May Doe. | |
| | Jury Trial is Demanded. |
| **Defendants** | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED MATTERS

**TO THE HONORABLE COURT:**

**COMES NOW**, the plaintiff, **ELVIS CRESPO DIAZ**, through the undersigned attorneys, and respectfully states, alleges and prays as follows:

## I.  NATURE OF ACTION

Plaintiff, Elvis Crespo Diaz p/k/a Elvis Crespo ("Mr. Crespo") seeks this Court's intervention based on claims his ex-wife, Maribel Vega Laguna makes on his works based on a purported exhibit to an agreement which appears to be of recent creation – a September 17, **2024** exhibit to a **2015** agreement. Mr. Crespo is a renowned musical artist in Latin Music. Mr. Crespo married Maribel Vega Laguna ("Ms. Vega"), who became his manager. Before their marriage, Mr. Crespo and Ms. Vega executed a prenuptial agreement hereby keeping their assets separate.

As manager, Ms. Vega used a corporation she owned, FLASH Music, Inc., to control Mr. Crespo's career and certain of his musical assets (*compositions, sound recordings, name & likeness*) of which he is sole creator and owner. Upon their divorce, Mr. Crespo requested Ms. Vega to return control

of his assets, but she refused, claiming to be the sole owner of a large portion of Mr. Crespo's works. Ms. Vega claims that Mr. Crespo voluntarily transferred all rights, title and interest to a substantial part of his sound recording catalog. This is untrue. Upon review of the alleged exhibit to transfer document, Mr. Crespo noticed that the addendum to the agreement was fraudulent as it listed a large portion of his catalog as the assigned assets, contrary to the actual agreement. The metadata of the sham exhibit reveals that was created *nine* years after the agreement itself.

Mr. Crespo understands the exhibit Ms. Vega sent is a sham and fraudulent, and that he is the sole owner of his catalog. Nevertheless, Ms. Vega claims title and ownership to the select portions of the music catalog. As a result, Mr. Crespo files this declaratory Judgment action to resolve this dispute and obtain a declaration that he is the sole owner of certain portions of his music catalog as the alleged assignment and transfer of rights to the music catalog was obtained through dolus, fraudulent and deceitful acts.

Given that Defendants, Ms. Vega and Flash Music, through their fraudulent and deceitful actions have created doubt as to rights to a large portion of the music catalog and Mr. Crespo is at risk of losing the rights permanently to his sole creations. Hence, judicial intervention is the only mechanism available for Mr. Crespo to reclaim his ownership and possession rights to the music catalog as the defendants, Flash Music and Ms. Vega, refuse to return control, title and possession to Mr. Crespo. Thus, he also seeks a declaration from this court to reclaim possession and control of specific musical assets.

Finally, under this Court's pendent jurisdiction, Mr. Crespo sues Ms. Vega for eight hundred thousand dollars ($800,000.00) he lent to her and Flash Music, Inc. and for over two hundred thousand dollars ($200,000.00) of earnings for unpaid commercial exploitation of his assets.

## II. JURISDICTION AND VENUE

1.    *Subject Matter Jurisdiction*: Plaintiff seeks a declaration of his intellectual property

pursuant to 28 U.S.C. § 2201 (a) and 2202, in order to resolve an actual controversy within this Court's jurisdiction between the parties. Subject matter jurisdiction exists pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*; and it being conferred under 28 U.S.C. § 1331 and 1338;

    2.    *Supplemental Jurisdiction*: This court has supplemental jurisdiction under 28 USC § 1367 over plaintiff's claim of replevin ("*reinvidicacion*"); collection of monies ("*cobro de dinero*") and Unjust Enrichment ("*enriquecimiento injusto*") of under the Puerto Rico Civil Code against the defendants because plaintiff's claims are so related to the claims within the court's original jurisdiction under the U.S. Copyright Act, 17 U.S.C. § 101 *et seq*. that they form part of the case and/or controversy under Article 3 of the U.S. Constitution.

    3. *Venue*: Venue is proper in this Court pursuant to 28 U.S.C.§ 1391(b) and (c), and 28 U.S.C. §1400(a), because defendants reside or have their principal places of business in this district and a substantial part of the acts and omissions giving rise to these claims occurred herein.

## III. PARTIES

4. Plaintiff, **ELVIS CRESPO DIAZ,** is of legal age, single, musical artist and is currently a resident of Guaynabo, Puerto Rico.

5. Co-Defendant, the **FLASH MUSIC, INC.** is a corporation in organized under the laws of the Government of Puerto Rico with number 162982 at the Puerto Rico State Department Registry, and address of Urb. Bairoa, Rodrigo de Triana AC-3, Caguas, PR 00725.

6. Co-Defendant, **MARIBEL VEGA LAGUNA**, is single, of legal age, businesswoman and resident of the city of Doral, Florida she is included in this civil action in her personal capacity and as an officer of co-defendant, Flash Music, Inc.

7. Co-Defendants, **Companies A, B & C**, are corporations that may be responsible to Plaintiff for

the facts alleged in the present civil action, but at this moment their names and addresses are unknown.

8. Co-Defendants, **Insurance Companies X, Y & Z**, are insurance companies that may be responsible to the Plaintiff for the facts alleged in the present civil action, but at this moment their names and addresses are unknown.

9. Co-Defendants, **William Doe** and **Mary Doe**, are unknown individuals who are or might be responsible to the Plaintiff for the facts alleged in the present civil action, but at this moment their names and addresses are unknown.

### IV.    FACTUAL ALLEGATIONS

10. Mr. Crespo is a Puerto Rican musical artist and composer in the Latin *"Tropical"* and *"Merengue"* music genres**.**

11. Mr. Crespo is one of the most influential and renowned Latin artists of his generation, the recipient of multiple awards, including Grammies, Latin Grammies, and Billboard Latin Music Awards, among others.

12. His music albums have sold millions of copies around the world and his performances have received numerous public accolades due to his energy packed interpretations of songs and fan pleasing lyrics, which have made him an icon of Latin Music.

13. On or about May 16, 2009, Mr. Crespo married Ms. Vega in the state of Florida.

14**.** The couple executed a pre-nuptial agreement to keep their personal property separate.

15. They moved and settled in Doral, Florida and had a daughter together.

16. During the time of their marriage, Ms. Vega became Mr. Crespo's exclusive manager and administrated his career in the entertainment industry.

17**.** On May 5, 2015, Mr. Crespo signed a joint venture contract with Flash Music, Inc., which was represented by Ms. Vega. *See* Exhibit 1 to this Complaint, the contract and its translation.

18**.** Through that contract Mr. Crespo assigned the album Tatuaje to Flash Music with the purpose of Flash Music managing the album.

19**.** The contract states that the parties to the contract – Mr. Crespo and Flash Music had participated in joint venture consisting in the production, distribution, and sale of record products listed in Exhibit 1 to the contract.

20**.** To manage Mr. Crespo affairs and assets, Mrs. Vega used a company named Flash Music, Inc. (Flash Music), whose only income was those monies that Mr. Crespo's assets earned.

21**.** That participation consisted of Mr. Crespo producing the album Tatuaje and Flash Music and Mr. Crespo distributing and selling that album.

22**.** Tatuaje was the only album contemplated in the May 5, 2015 agreement.

23. The profits from Tatuaje were to be distributed 20% to Mr. Crespo and 80% to Flash Music.

24**.** Flash Music has never distributed any profits to Mr. Crespo.

25. The agreement is to be interpreted according to the laws of Puerto Rico.

26.   As exclusive manager, Ms. Vega performed several duties which included but were not limited to, distributing Mr. Crespo's musical albums; managing his concert *"booking"* agenda; entering into agreements on his behalf; administering his composer song catalog, among other endeavors.

27.   The only album for which Ms. Vega had a contract was Tatuaje.

28**.** All of the aforementioned by Ms. Vega was done with Mr. Crespo depositing his complete trust in Ms. Vega, so he could focus on creating content (*record musical performances on "sound recordings" and compose songs*) and tour across the world.

29**.** Mr. Crespo's assets, of which he is the sole creator, author, and owner (*musical compositions, sound and visual recordings, right of publicity, and live performances*) were and still are among his only sources of income.

30. Mr. Crespo, through the monies he earned through the commercial exploitation of his music performances, music catalog (*sound and audio recordings and compositions*) paid for one hundred percent (100%) all of the common household and Ms. Vega's expenses, which included and were not limited to: homes, mortgage payments, home utilities, vacations, automobiles, travel, wardrobe, insurance, their daughter's education and expenses, meals, credit cards, etc., including all music production costs.

31. In early 2024, Mr. Crespo, loaned Ms. Vega eight hundred thousand dollar ($800,000.00), the product of a monetary royalty advance from the performing rights organization, Broadcast Music, Inc. ("BMI") for Ms. Vega to use as down payment on a house she optioned in Sunset, Florida.

32. On or about October 2024 Mr. Crespo and Ms. Vega separated, and Mr. Crespo left the common household and moved to Puerto Rico to be with his mother.

33. Soon after leaving the household in Doral, Florida, Mr. Crespo asked Mr. Vega for the return numerous personal belongings which were in their home in Doral, Florida that included and is not limited to; music studio equipment, a computer, etc., which Mr. Crespo needed to create music.

34. In addition, Mr. Crespo asked Ms. Vega for the return and control of a portion of his music catalog ("sound recordings") which was under the administration of Flash Music, Inc. and which was solely created by Mr. Crespo.

37. In response, Ms. Vega returned some of Mr. Crespo's personal belongings but kept studio equipment and other belongings which he uses to make music.

38. Ms. Vega also informed Mr. Crespo that she did not have to return part of his music catalog as she was the owner through her company Flash Music.

39. To that effect, Ms. Vega produced a document titled *"Contrato de Empresa Comun Entre Elvis Crespo y Flash Music, Inc.",* which she claims to be authentic, in which Mr. Crespo allegedly transferred

and assigned the rights to a number of albums and sound recordings to Flash Music, Inc. *See* Exhibit 2 to this Complaint, the document Ms. Vega claims was the exhibit to Flash Music's contract with Mr. Crespo.

40. The Contract itself refers to **an album,** not albums. *See* Exhibit 1 to this Compalint.

41. Mr. Crespo assigned to Flash Music, Inc. only one (1) album titled "TATUAJE".

42. Flash Music, Inc. procured and obtained Federal Registration at the Copyright Office for Tatuaje with Registration Num. SR0000789285 on February 1, 2016.

43. Flash Music has no other copyrights over Mr. Crespo's music.

44. However, the addendum to the transfer document produced by Flash Music, Inc. and Ms. Vega Laguna lists "TATUAJE" and multiple other albums and sound recordings, to which Mr. Crespo does not acknowledge and/or accept because he only transferred Tatuaje to Flash Music.

45**.** Furthermore, the meta data of the exhibit Ms. Vega produced reveals that the document was created on September 17, 2024 and added additional assets.

46**.** The sound recordings to which Ms. Vega claims ownership through her corporation, Flash Music, Inc. are listed in **Exhibit No. 1** (Elvis Crespo Music Catalog).

47**.** Finally, in December 2024, after over fifteen (15) years together and parenting one (1) daughter, Mr. Crespo and Ms. Vega ended their marriage through a divorce in *Elvis Crespo Diaz v. Maribel Vega Laguna, Civ. Num BY2024RF01821,* in the Bayamon Family Court.

48. In the aforementioned case, Mr. Crespo and Ms. Vega were divorced, child custody and monthly pension was established, but since they had executed a prenuptial agreement, no division of property was performed.

49. Given Ms. Vega's refusal to return his musical assets, Mr. Crespo files this Declaratory Judgement Action before this Honorable Court seeking the following relief:

# V. CLAIMS FOR RELIEF

## I.  <u>First Cause of Action</u>

### Declaratory Judgment pursuant to 28 U.S.C.A. § 2201 (A)
*(DECLARATION OF OWNERSHIP)*

50. Mr. Crespo repeats and re-alleges every allegation set forth in the preceding paragraphs of this civil action.

51. Mr. Crespo is the sole creator and owner of the following sound recordings, listed in **Exhibit No. 2 to this Complaint** (Elvis Crespo Music Catalog) herein, as he created them and has not transferred and/or assigned any rights to the anyone.

52. Defendants, Maribel Vega Laguna and her corporation, Flash Music, Inc. have through acts of dolus and deceit, intentionally, negligently, fraudulently and willfully, and without Mr. Crespo's consent and/or consideration and/or compensation to him, have tried to use a fraudulent document to transfer and assign to Flash Music, Inc. the sole ownership rights, interest and title to the "*Elvis Crespo Music Catalog*" listed in **Exhibit No. 2 to this Complaint** (Elvis Crespo Music Catalog) herein.

53. The dispute created by defendants, FLASH Music, Inc., and Ms. Vega's claim of ownership are an actual, substantial and justiciable controversy between the parties requiring the resolution by this Honorable Court.

54. Failure to resolve the parties' dispute by declaring that the *Elvis Crespo Music Catalog* belongs to Elvis Crespo will permit a controversy to remain and exist over plaintiff's rights and will allow a fraudulent transfer and assignment to stand, which would deprive Mr. Crespo of part of his life's work and the fruits of his labor.

55.  To resolve this controversy, plaintiff, Mr. Crespo seeks a declaration and judgment that his sole ownership of the "Elvis Crespo Music Catalog" is intact, that he is the sole owner, that he has not

transferred away certain his rights, title or interest, and that FLASH Music. Inc. and Mr. Vega, fraudulently, without consideration, and deceitfully have tried to claim ownership over various assets.

55.        Furthermore, he claims any and all monies that defendants, Flash Music and Ms. Vega have received for the use of the catalog as set forth in the Second Cause of Action.

## II.  Second Cause of Action

### Replevin *"Reinvindicacion"* under the Puerto Rico Law

56. Mr. Crespo repeats and re-alleges every allegation set forth in the preceding paragraphs of this civil action.

57. Replevin is a legal action to recover personal property wrongfully taken or retained, and its purpose is to restore possession of the property to its rightful owner.

58. The claim arises from wrongful possession and/or detention of property, being unlawfully withheld.

59. Mr. Crespo seeks possession and control of his music catalog, which has been taken from him by Flash Music and Ms. Vega who currently control it and claim ownership over it through deceit and a fraudulently altered document.

60. Mr. Crespo also seeks possession and control of his personal belongings (studio equipment, computer, etc.) which has been deceitfully taken from him by Ms. Vega who currently controls those items and has possession over them.

61. Defendants, Flash Music and Ms. Vega through their fraudulent and deceitful actions have created doubt as to rights in the music catalog and personal belongings, and Mr. Crespo is danger of losing those rights.

62. Hence, judicial intervention is the only mechanism available for Mr. Crespo to reclaim his ownership and possession rights to the music catalog and personal belongings, since the defendants refuse to return control, title and possession to Mr. Crespo.

63. As a result, Mr. Crespo Diaz respectfully requests an order from this Honorable Court requiring Defendants to return his personal property and musical assets which they wrongfully appropriated from him, as he is the rightful owner.

### III. <u>Third Cause of Action</u>

### Collection of Monies under the Puerto Rico Law

64.     Plaintiff, Elvis Crespo Diaz ("Mr. Crespo"), repeats and re-alleges all the preceding allegations of this civil action.

65.     Ms. Vega owes Mr. Crespo for monies he loaned her for the purchase of a home in Sunset, Florida in her name in the amount of $800,000.00.

66. Similarly, Flash Music, Inc owes Mr. Crespo for those monies and sums which it has received and not reported or paid to Mr. Crespo for the commercial exploitation of his assets (sound recording music catalog, composition, name and likeness, live concert performances) and any others, which are estimated to be in an amount not less than $200,000.00.

67. However, despite that the aforementioned balances and sums of monies which are due, liquid, and payable on demand, and the requests, soliciting the payment by the monies, defendants, Flash Music, Inc. and Ms. Vega have refused/denied to pay them to Mr. Crespo, which are estimated an amount not less than $1,000,000.00, respectively, plus interest, which Mr. Crespo has a right to collect/receive.

### IV. <u>Fourth Cause of Action</u>

### Unjust Enrichment under the Puerto Rico Law

68. Plaintiff, Mr. Crespo, repeats and re-alleges every allegation set forth in the preceding paragraphs of this civil action.

69. Defendant, Ms. Vega, through her actions has unjustly enriched herself at plaintiff's, Mr. Crespo's

expense and as such she should be required to make restitution of the monies she received as a result of the loan Mr. Crespo made to her to purchase a home in Sunset, Florida in the amount of $800,000.00.

68. Similarly, defendant, Flash Music, Inc., through its actions has unjustly enriched itself at plaintiff's, Mr. Crespo's expense and as such it should be required to make restitution of the monies it received as a result of the commercial exploitation of his assets: *sound recordings, music catalog, composition, name and likeness, live concert performances,* and any others, which are estimated an amount not less than $200,000.00.

70. Through and with knowledge of their actions, Flash Music, Inc. and Mr. Vega's patrimony increased substantially while plaintiff, Mr. Crespo decreased. Hence Plaintiffrequests not less than **$1,000,000.00** for unjust enrichment.

## IX. JURY DEMAND

71. The plaintiff, **Elvis Crespo Diaz,** very respectfully requests a jury trial.

## X. PRAYER

**WHEREFORE,** it is respectfully requested that this Honorable Court, for the above stated reasons, plaintiff, Elvis Crespo Diaz, asks for the following:

   a)   ("Ownership") declare plaintiff, Elvis Crespo Diaz as the sole owner of the sound recordings listed in Exhibit 1 of his music catalog as the alleged transfer/assignment of ownership to Flash Music was fraudulent and deceitful;

   b)   ("Replevin") order the return of possession and control of Mr. Crespo's Music Catalog to Mr. Elvis Crespo Diaz which has been deceitfully taken from him by Flash Music and Ms. Vega Laguna who currently control it and claim ownership over it;

**c)** ("Collection of Monies") order Flash Music to pay plaintiff, Elvis Crespo Diaz the amount not less than $200,000.00 for the commercial exploitation of his musical assets;

**d)** ("Collection of Monies") order defendant Maribel Vega Laguna to pay plaintiff, Elvis Crespo Diaz the amount of $800,000.00 for monies owed due to a loan for a home;

**e)** ("Unjust Enrichment")order Flash Music, Inc. to pay plaintiff, Elvis Crespo Diaz the amount not less than of $200,000.00 for unjustly enriching itself;

**f)** ("Unjust Enrichment")order defendant Maribel Vega Laguna to pay plaintiff, Elvis Crespo Diaz the amount of $800,000.00 for unjustly enriching herself;

**g)** ("Collection of Monies") order defendant Flash Music to pay plaintiff Elvis Crespo Diaz the amount not less than $200,000.00 for the commercial exploitation of his musical assets;

**h)** All of the aforementioned sums of monies to be paid with prejudgment and post judgment interest, costs of suit, attorneys fees and all other relief the court deems proper.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico on January 13, 2025.

## CERTIFICATE OF SERVICE

**WE HEREBY INFORM:** that on this date we have filed and uploaded this document to the CM/ECF system for notice to all parties.

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110

PO Box 9023914
San Juan, PR 00902-3914

Tel.(787) 585-3824/Fax. (787) 764-3101
E-mail: janebeckerwhitaker@gmail.com


S/Jean Paul Vissepó Garriga/
**JEAN PAUL VISSEPÓ GARRIGA**
U.S.D.C. No. 221504

PO Box 367116
San Juan, PR 00936-7116
Tel. (787) 633-9601 / E-mail: jp@vissepolaw.com