UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELVIS CRESPO DIAZ<br><br>**Plaintiff**<br><br>v.<br><br>FLASH MUSIC, INC.; MARIBEL VEGA LAGUNA; FLASH MUSIC, INC., Companies A, B, & C; Insurance Companies X, Y & Z;& William Doe and May Doe.<br><br>**Defendants** | Case No.25-1045 (SCC)<br><br>Declaration of Ownership, Replevin, Collection of Monies and Unjust Enrichment<br><br><br>Jury Trial is Demanded. |

OPPOSITION TO MOTION TO DISMISS

**TO THE HONORABLE COURT:**

  **COMES NOW**, the plaintiff, **ELVIS CRESPO DIAZ**, through the undersigned attorneys, and respectfully states, alleges and prays as follows:

**INTRODUCTION**

  A copyright holder has the right to protect her intellectual property through the procedural device of a declaratory judgment when those rights are being threatened with infringement. Defendants' claim to own all of copyright's bundle of rights as to all of Plaintiff's works presented precisely that threat. The claim for declaratory judgment as to ownership arises under 17 U.S.C. § 201. Mr. Crespo also has contract claims against Ms. Vega, and he brings them in this case as pendent jurisdiction claims.

  But Mr. Crespo's primary claim against Defendants is based on their refusal to renounce their claim that they own all rights to license and otherwise commercially exploit all of the works that Mr. Crespo authored, that is, infringe his copyrights. Mr. Crespo ceded the rights to just one album, not all the works that Defendants claim. For these reasons, Mr. Crespo is entitled to a declaratory judgment holding he is the sole author of all the works set forth in the Complaint, and that Defendants have the rights to

distribute and profit for the album works on Tatuaje, subject to payment, and not of the other works listed in the exhibits to the Complaint.

Mr. Crespo seeks to stop potential infringement. He also raises pendent claims as to the return of certain property as well as repayment of an $800,000 loan he made to his former wife. Mr. Crespo dearly hoped to avoid this litigation, but his copyrights are his life's work, and he cannot cede them or allow anyone to infringe them.

## II. THE STANDARD OF REVIEW UNDER RULE 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject-matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Since federal courts have limited jurisdiction, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States,* 45 F.3d 520, 522 (1st Cir.1995) (citing *Taber Partners, I v. Merit Builders, Inc.,* 987 F.2d 57, 60 (1st Cir.1993), cert. denied, 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)). In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12, 16 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1, 1 (1st Cir.1987)). Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *See Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996).

## III.    THE ANTICIPATED CAUSE OF ACTION IS COPYRIGHT INFRINGMENT, WHICH ARISES EXCLUSIVLEY FROM FEDERAL LAW.

Of course, "[T]he Declaratory Judgment Act does not, of itself, confer jurisdiction upon federal courts." *Stuart Weitzman, LLC v. Microcomputer Res., Inc.,* 542 F.3d 859, 861-62 (11th Cir. 2008), *cited*

in *Fast Case, Inc. v. Lawriter,* 907 F.3d 1335, 1340 (11th Cir. 2018). Rather, the *Stuart Weitzman* Court continues, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Household Bank v. JFS Grp.,* 320 F.3d 1249, 1253 (11th Cir. 2003) (alteration in original) (citing *Gulf States Paper Corp. v. Ingram,* 811 F.2d 1464, 1467 (11th Cir. 1987)). Accordingly, "we do not look to the face of the declaratory judgment complaint in order to determine the presence of a federal question." *Stuart Weitzman,* 542 F.3d at 862 (quoting *Hudson Ins. Co. v. Am. Elec. Corp.,* 957 F.2d 826, 828 (11th Cir. 1992)). Instead, we "must determine whether or not the cause of action anticipated by the declaratory judgment plaintiff arises under federal law." *Id.* Mr. Crespo's request for return of the control of his intellectual property anticipates Defendants' infringements.

Defendants refuse to acknowledge that, with the exception of the sound recordings on the Tatuaje album, Mr. Crespo has the sole right to distribute, license, and sell the sound recordings listed in Exhibit 1 to the contract filed with the Complaint in this action. Mr. Crespo also has the publishing rights to all his works By denying Mr. Crespo the right to control his intellectual property, Defendants have demonstrated that they intend to infringe on those copyrights. Moreover, the Complaint alleges that Defendants have not paid Mr. Crespo his 20% of the money earned from the Tatuaje album. Defendants have made money from the album. Failure to pay as agreed results in infringement because a breach of contract leads to rescission of the contract, and, therefore, infringement, *i.e.,* commercial exploitation of the copyrighted material without a license.

"[T]he failure to pay royalties allows copyright owner to rescind from a license agreement and then sue for future infringements." *Montalvo v. LT's Benjamin Records, Inc.* 56 F.Supp. 3d 121, 130 (D.P.R. 2014), *citing Peer Intern. Corp. v, Latin American Music Corp.,* 161 F.Supp. 2d

38, 51 (D.P.R. 2001). Additional citation omitted. "[U]nder Puerto Rico law, a party must comply with its own contractual obligations before it can demand compliance from the other party. See P.R. Laws Ann. tit. 31, § 3052. A party's breach effectively suspends the nonbreaching party's duty to tender performance. *See id*. § 3017." *Mercado Salinas v. Bart International Enterprises, Inc.,* 671 F.3d 12, 22 (1st Cir. 2011).

Defendants have not complied with the agreement with Plaintiff. It agreed to pay Mr. Crespo 20% for its commercial exploitation of the sound recordings on the Tatuaje album and has never paid him anything. As for the rest of the sound recordings listed in the recently concocted Exhibit 1 to the Contract, Mr. Crespo never ceded any right in those copyrighted materials to Defendants. Mr. Crespo asked Defendants to return control over those sound recordings and published works, and Defendants have refused. Mr. Crespo anticipates that Defendants' refusal means that Defendants intend to infringe his works.

In *Mercado Salinas,* the First Circuit affirmed the District Court's determination that Defendant's obligation to pay was a reciprocal obligation to Plaintiff's obligation to perform. Here, Plaintiff performed extraordinarily well, producing hits that brought perhaps millions of dollars for Defendants. Plaintiff does not know how much the Tatuaje album has actually made because Defendants have never provided him with an accounting. He does know that Defendants have never paid him anything, not even from the publishing rights to Tatuaje, which he retained. If the contract is rescinded, Defendants are infringing.

Defendants rely heavily on *Royal v. Leading Edge Products,* 833 F.2d 1 (1st Cir. 1987), but *Royal* cannot carry such a heavy load. In that case, the controversy involved the work for hire doctrine. *Id.* at 3. Plaintiff contended that Defendant had breached his employment agreement by firing him without pay, which would cause the royalties agreement to "vanish" to use the First

Circuit's word and leave Royal without any claim to ownership of the intellectual property. Here, the Contract between the parties recognizes Mr. Crespo as the author of Tatuaje and making the contract vanish through rescission would afford ownership to Mr. Crespo. Thus, if Mr. Crespo prevails in this litigation, it will be because this Court holds that Defendants have infringed his works. As to the works Defendants claim to own pursuant to the same contract, even accepting Defendants' claim of ownership of every sound recording Defendants list in their recently created list, the same result ensues: if the contract is rescinded, Defendants will have infringed Mr. Crespo's copyrights.

In *T.B. Harms Company v. Eliscu,* 339 F.2d 823, 825 (2nd Cir. 1964), also cited by Defendants in support of their Motion to Dismiss, "neither Eliscu nor Jungnickel had used or threatened to use the copyrighted material; their various acts, as the district judge noted, sought to establish their ownership of the copyrights by judicial and administrative action, including notice to the parties concerned." Here, Mr. Crespo has alleged that Defendants are already infringing his copyrights on the sound recordings and publishing rights on the Tatuaje album by rescinding their contract through breach by not paying him any royalties on the sound recordings nor even providing him with an accounting of the monies received. Moreover, here, Defendants have threatened to infringe, and Plaintiff seeks to stop them from doing so. Defendants have not acted to establish ownership, they have simply continued to exploit Plaintiff's intellectual property without a contract establishing their right to do so or compensation, which is classic infringement.

Moreover, a more recent First Circuit case, *Ithier v. Aponte Cruz,* 105 F. 4th 1, 3 (1st Cir. 2024) consists of a declaratory judgment case wherein the relief sought was a determination of ownership rights under both the Digital Performance Rights in Sound Recordings Act 17 U.S.C. §114g, which amended the Copyright Act of 1976. There were no allegations of infringement in

*Ithier,* just a request from Plaintiff for the District Court to determine that it was the owner of the right to receive royalties as the featured artist countered by Aponte Cruz's argument that he had that right. *Id.* In *Ithier,* the District Court granted Plaintiff's request for a declaratory judgment as to the ownership of the royalties and denied that same request from Defendant. The First Circuit reversed. *Id.* Here, Plaintiff not only requested return of his music; he also requested control of it. Docket 1 at ¶ 34. Control implicates Plaintiff's desire to thwart Defendants' infringing his works.

Defendants also have responded by not giving Mr. Crespo a green light to license the songs that he did not cede to Defendants, when he sought that clarity as to his rights. The coup de grâce was Defendants' refusal to return the control of Plaintiff's intellectual property meaning that Defendants intended to exercise that control.

*De Angelo Publ'ns v. Kelly,* 9 F. 4th 256, 260-61 (5th Cir. 2021) holds that "claims of copyright ownership grounded in authorship touch on federal concerns." Here, Mr. Crespo's declaratory judgment claim is grounded in his authorship of the albums other than Tatuaje, for which Defendants claim ownership without having a written document transferring title. Defemdants' claims on the works are precluding his commercial exploitation of the works he has written, thereby infringing Mr. Crespo's copyrights. As to the Tatuaje album, the rescission of the transfer of 80% of the rights to the sound recordings should happen thanks to Defendants' breach. Since the contract leaves the publishing rights to the author, again, Defendants' refusal to return control over those rights also implicates infringement.

As the *De Angelo* Court notes, "Section 201(a) of the Copyright Act provides that '[c]opyright in a work protected under this title vests initially in the author or authors of the work."[16] "An author gains `exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and display," and thus registration is not a

prerequisite to an author holding a copyright.

In *Petrella v. Metro Golden Mayer,* 572 U.S. 663, __, 134 S.Ct. 1962, 1979 (2014), in response to MGM's defense of laches against Petrella, the Supreme Court noted that MGM had the option of filing a declaratory judgment claim against Petrella regarding her eventual claim of copyright infringement. Similarly, here, Mr. Crespo has the right to have ownership determined so that he can commercially exploit his works without fear of a claim of infringement.

## IV. CONCLUSION

For all of the reasons set forth herein, this Court should deny Defendants' Motion to Dismiss. Plaintiff states a live federal case or controversy that this Court should resolve given the anticipated infringement.

**WHEREFORE,** plaintiff, Elvis Crespo Diaz very respectfully requests this Honorable Court to deny Defendants' Motion to Dismiss.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico on March 24, 2025.

## CERTIFICATE OF SERVICE

**WE HEREBY INFORM:** that on this date we have filed and uploaded this document to the CM/ECF system for notice to all parties.

S/Jane Becker Whitaker/
**JANE BECKER WHITAKER**
USDC No. 205110

PO Box 9023914
San Juan, PR 00902-3914
Tel.(787) 585-3824/Fax. (787) 764-3101
E-mail: janebeckerwhitaker@gmail.com


S/Jean Paul Vissepó Garriga/
**JEAN PAUL VISSEPÓ GARRIGA**
U.S.D.C. No. 221504

7

PO Box 367116
San Juan, PR 00936-7116
Tel. (787) 633-9601 / E-mail: jp@vissepolaw.com